IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**JORGE VELA, on his own behalf and on behalf of those similarly situated,**

      **Plaintiff,**

          v.

**INCGSGI INC., a Florida Profit Corporation, and DANIEL K. COSTOULAS, individually.**

      **Defendant.**
_____/

Case No.:

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, JORGE VELA, on his own behalf and on behalf of others similarly situated, by and through undersigned counsel, files this Complaint against the Defendant, INCGSGI INC. and DANIEL K. COSTOULAS, individually ("COSTOULAS") (collectively "Defendant") for unpaid overtime compensation, under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). This action is intended to include each and every "Security Guard" who worked for the Defendants at any time within the past three (3) years.

## NATURE OF SUIT

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory

minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

## JURISDICTION & VENUE

1. Defendant, INCGSGI INC., is a Florida profit corporation with headquarters in Fort Myers, Florida (Lee County) and is therefore, within the jurisdiction of this Court.

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

3. The venue of this Court over this controversy is proper based on the location of the Defendant, INCGSGI INC.'s, headquarters being in Lee County, Florida.

## PARTIES

4. Plaintiff, JORGE VELA, was an employee of the Defendant within the last three (3) years for Defendant in Orlando, Florida (Orange County).

5. Defendant, INCGSGI INC., is a private company which offers law enforcement and community-based security personnel to provide customized security services.

6. Defendant COSTOULAS, is the acting manager and registered agent of Defendant INCGSGI INC.

7. Plaintiff brings a collective action to recover the unpaid wages owed to him and all other similarly situated employees, current and former, of Defendants who worked at INCGSGI INC., at any time during the three-year period before this Complaint was filed up to the present ("Class Members"). These Class Members should be informed of the pendency of this action and

apprised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

## COVERAGE

8. At all material times relevant to this action (2017-2020), INCGSGI INC.. was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

9. At all material times relevant to this action (2017-2020), INCGSGI INC. made gross earnings of at least $500,000 annually.

10. At all material times relevant to this action (2017-2020), INCGSGI INC. accepted payments from customers based on credit cards issued by out of state banks.

11. At all material times relevant to this action (2017-2020), INCGSGI INC. routinely ordered materials or supplies from out of state.

12. At all material times relevant to this action (2017-2020), INCGSGI INC. had two (2) or more employees, including Plaintiff, engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for interstate commerce.

13. At all material times relevant to this action (2017-2020), INCGSGI INC. used U.S. mail to send and receive letters to and from other states.

14. At all times relevant to this action (2017-2020), INCGSGI INC. failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

## FACTUAL ALLEGATIONS

15. Plaintiff was a security guard and performed related activities for Defendant in Orlando, Florida.

16. In this capacity, Plaintiff earned an hourly pay of $13.00.

17. Defendant classified Plaintiff as an independent contractor.

18. Plaintiff worked for Defendant from approximately October 2018 until May 13, 2020.

19. During Plaintiff's employment, Plaintiff worked in excess of forty (40) per work week during one or more work weeks.

20. Specifically, Plaintiff would work as much as ninety (90) hours per week at times.

21. However, Plaintiff was not paid overtime compensation of one and a half times his regular rate of pay per hour for overtime hours worked.

22. Defendant determined Plaintiff's work schedule.

23. Plaintiff did not provide his own equipment or supplies for any work he performed for Plaintiff.

24. Plaintiff did not have any opportunity for profit or loss during the time that he worked for Defendant.

25. Defendant misclassified Plaintiff as an independent contractor.

26. As a result, Plaintiff should have received compensation at time and one-half his calculated regular rate of pay for all hours worked beyond the forty (40) hours per week.

27. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

28. Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful.

29. The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and whom suffered from the same pay practices of being improperly paid overtime wages.

30. COSTOULAS is a manager who acted with direct control over the work, pay and job duties of Plaintiffs.

31. COSTOULAS: (1) had the power to hire and fire Plaintiff, (2) supervised and controlled Plaintiff's work schedules or conditions of employment, (3) determined Plaintiff's rate and method of payment, and (4) maintained employment records.

32. As such, COSTOULAS is charged with responsibility for violations of Plaintiff's rights to overtime wage damages.

**COUNT I - RECOVERY OF OVERTIME COMPENSATION VERSUS INCGSGI INC.**

33. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 32 above.

34. Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

35. During his employment with INCGSGI INC., Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for the same. Specifically, Plaintiff worked approximately between eighty-four (84) and ninety (90) hours per work week.

36. As a result of INCGSGI INC.'s intentional, willful, and unlawful acts in refusing to pay Plaintiff, time and one half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

37. As a result of INCGSGI INC.'s willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

38. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against INCGSGI INC. for the payment of all overtime hours at one and one-half his calculated regular rate of pay for the hours worked by him for which INCGSGI INC. did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF OVERTIME COMPENSATION VERSUS COSTOULAS

39. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 32 above.

40. Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

41. During his employment with COSTOULAS, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for the same. Specifically, Plaintiff worked approximately between eighty-four (84) and ninety (90) hours per week.

42. As a result of COSTOULAS' intentional, willful, and unlawful acts in refusing to pay Plaintiff, time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

43. As a result of COSTOULAS' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

44. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against COSTOULAS for the payment of all overtime hours at one and one-half his calculated regular rate of pay for the hours worked by him for which COSTOULAS did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COLLECTIVE ACTION ALLEGATIONS

45. As part of their regular business practices, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and Class Members by engaging in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

46. Although Defendants permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty.

47. In particular, Plaintiff and Class Members all worked as security guards under the same conditions and subject to the same violations of the FLSA.

48. As such, Class Members are similar to Plaintiff in terms of job duties, pay structure, and/or the denial of overtime wage.

49. Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Class Members.

50. The experiences of Plaintiff, with respect to their pay, are typical of the experiences of Class Members.

51. The experiences of Plaintiff, with respect to their job duties, are typical of the experiences of Class Members.

52. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

53. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

54. Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated by a formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Class Members.

55. The Plaintiff and the Class Members held the same job title: security guard.

56. As such, the class of similarly situated Plaintiff is properly defined as follows:

**All current and former security guards who worked for Defendant at any time during the three (3) years before this Complaint was filed up to the present.**

WHEREFORE, Plaintiff, on behalf of himself and those similarly situated, demands judgment against Defendant for an Order awarding:

a. payment to him and all class members of overtime wages for all hours worked over forty (40) per week pursuant to the FLSA;

b. an equal amount of liquidated damages pursuant to the FLSA, or in the alternative pre-judgment and post-judgment interest at the highest rate allowed by law;

c. reasonable attorneys' fees and costs for all time worked by the attorneys for Plaintiffs in prosecuting this case pursuant to the FLSA;

d. conditional certification of this case as a class action under the provisions of 29 U.S.C. §216(b); and

e. Any other relief that Plaintiff and the class members may be due or entitled.

## **DEMAND FOR JURY TRIAL**

57.     Plaintiff demands a jury trial on all issues so triable against Defendant.

Dated this __22nd___ day of January, 2021.

                                                  Respectfully submitted,

                                                  ***s/ Carlos V. Leach***
                                                  Carlos V. Leach, Esq.
                                                  FL Bar No.: 540021
                                                  Edward W. Wimp, Esquire
                                                  FBN: 1015586
                                                  THE LEACH FIRM, P.A.
                                                  631 S. Orlando Avenue, Suite 300
                                                  Winter Park, Florida 32789
                                                  Telephone: (407) 574-4999
                                                  Facsimile: (833) 523-5864
                                                  Email: cleach@theleachfirm.com
                                                  Email: maugello@theleachfirm.com
                                                  ***Attorney for Plaintiff***