UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JORGE VELA,

        Plaintiff,

v.                                                                                       Case No. 2:21-cv-59-NPM

INCGSGI INC and
DANIEL K. COSTOULAS

        Defendants.

## ORDER

Before the court is the parties' joint stipulation and motion for "conditional certification" and a stay pending alternative dispute resolution (Doc. 20). The parties jointly seek: (1) an order approving the dissemination of a court-authorized notice to potential opt-in plaintiffs; and (2) a temporary stay of the proceedings, pending the completion of alternative dispute resolution. (*See* Doc. 20, p. 1). For the reasons discussed below, the court denies without prejudice the parties' joint request.

The parties submitted a proposed notice and a proposed opt-in form. (Docs. 20-1, 20-2). These proposed forms contemplate that the opt-in plaintiffs would "consent to representation by Plaintiff[] [Vela's] counsel" (Doc. 20-1, p. 1), and to Vela "mak[ing] decisions" on the opt-in plaintiff's "behalf concerning the litigation, including the method and manner of conducting this litigation, entering into

settlement agreements, and entering into an agreement with Plaintiff's Counsel concerning attorneys' fees and costs." (Doc. 20-2, p. 2).

While the proposed notice and opt-in forms would essentially create the functional equivalent of a class action, a multi-plaintiff FLSA action "is a fundamentally different creature than the Rule 23 class action. Even if the [FLSA] plaintiff can demonstrate that there are other plaintiff's 'similarly situated' to him, … **he has no right to represent them**." *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003) (emphasis added). Thus, the notice and opt-in forms proposed here have been rejected by this court. *See Gonzalez v. Go Relax Travel, LLC*, No. 6:09-cv-573-Orl-28KRS, 2009 WL 3817119, *5 (M.D. Fla. Nov. 13, 2009) (rejecting forms that vested the named plaintiff with the authority to make all decisions in the case on behalf of the opt-in plaintiffs and requiring the opt-in plaintiffs to be represented by named plaintiff's counsel).

Accordingly, the joint motion (Doc. 20) is **DENIED WITHOUT PREJUDICE**. By May 1, 2022, the parties may renew their motion and submit notice and opt-in forms consistent with the dictates of *Gonzalez v. Go Relax Travel* or present argument and authority for why *Gonzalez* should not be followed here.

**ORDERED** on March 24, 2022.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE